UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOEL ESTEVEZ,
on behalf of himself and
all others similarly situated,                    Case No. 22-cv-380

      Plaintiff,

   v.

FCA, LLC

   and

TIMBER CREEK RESOURCE, LLC

      Defendants.

## DEFENDANT TIMBER CREEK RESOURCE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINITFF'S COMPLAINT

      Defendant Timber Creek Resource, LLC (hereinafter referred to as "Defendant" or "Timber Creek"), by and through its attorneys, O'Neil, Cannon, Hollman, DeJong & Laing S.C., and for its answer to Plaintiff Joel Estevez's Complaint, states as follows:

### PRELIMINARY STATEMENT

      1.     This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Joel Estevez, on behalf of himself and all other similarly situated current and former hourly-paid, non-exempt employees of Defendants, FCA, LLC and Timber Creek Resource, LLC, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid straight time (regular) and/or agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

      **ANSWER:**    Defendant admits that Plaintiff purports to bring this action for violations of the FLSA and the WWPCL. Defendant denies that it violated the FLSA or the WWPCL, and denies

that Plaintiff is entitled to any relief.

2.  Defendants operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants, in violation of the FLSA and WWPCL.

**ANSWER:**  Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint.

3.  Defendants' failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

**ANSWER:**  Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

**ANSWER:**  Defendant admits that jurisdiction is proper.

5.  This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:**  Defendant admits that supplemental jurisdiction exists over the state law claims alleged but denies that any allegations that would give rise to a valid claim occurred.

6.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff resides in this District and Defendants have substantial and systematic contacts in this District.

**ANSWER:**  Defendant admits that venue is proper but denies that any events which would give rise to a valid claim occurred.

## PARTIES

7.  Plaintiff, Joel Estevez, is an adult male resident of the State of Wisconsin residing at 2816 West Mitchell Street, Milwaukee, Wisconsin 53215.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint (ECF No. 1).

**ANSWER:** Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant, FCA, LLC, is an Illinois-based company with a principal office address of 7601 John Deere Parkway, Moline, Illinois 61266.

**ANSWER:** Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant FCA, LLC, commonly known as "FCA Packaging," manufactures and supplies industrial packaging products.

**ANSWER:** Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant, Timber Creek Resource, LLC, is a Wisconsin-based company with a principal office address of 5059 North 119th Street, Milwaukee, Wisconsin 53225.

**ANSWER:** Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint and affirmatively states that its principal office is located at 3485 N. 127th Street, Brookfield, Wisconsin 53005.

12. Defendant Timber Creek Resource designs, manufactures, and distributes custom wood packaging products.

**ANSWER:** Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant FCA, LLC owned, operated, and managed Defendant Timber Creek Resource.

**ANSWER:** Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. For purposes of the FLSA, Defendants were an "employer" of an "employee,"

Plaintiffs, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

**ANSWER:** Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. For purposes of the FLSA, Defendants were an "employer" of Plaintiffs, and Plaintiff was "employed" by Defendants, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

**ANSWER:** Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. During the relevant time periods as stated herein, Defendants were engaged in "commerce" and/or their employees were engaged in "commerce," as that term is defined under the FLSA.

**ANSWER:** Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employees at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge alongside all other hourly-paid, non-exempt employees at Defendants' Milwaukee, Wisconsin location.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Plaintiff brings this action on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendants within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees in similarly-titled positions who work at, worked at, and/or were employed by Defendants at locations owned, operated, and managed by Defendants, and Plaintiff and all other current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful compensation policies and practices as enumerated herein.

**ANSWER:** Defendant admits Plaintiff purports to bring this action on behalf of himself and other similarly situated current and former hourly-paid, non-exempt employees, but denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants employed more than two (2) employees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants' annual dollar volume of sales or business exceeded $500,000.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants established Plaintiff's and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

**ANSWER:** Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendants' employment policies, practices, and/or procedures in the performance of their job duties.

**ANSWER:** Defendant denies the allegations contained in Paragraph 25 of Plaintiff's

Complaint.

26.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants established the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

28.     In approximately December 2020, Defendants hired Plaintiff as an hourly-paid, non-exempt employee in the position of Assembler.

**ANSWER:**     Defendant admits that the Plaintiff was hired by Timber Creek as an hourly-paid, non-exempt employee in the position of Assembler. Defendant denies the remaining allegations of Paragraph 28 of Plaintiff's Complaint.

29.     During Plaintiff's employment with Defendants, Plaintiff performed compensable work in his position of Assembler at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge working primarily at Defendants' Milwaukee, Wisconsin location, located at 5059 North 119th Street, Milwaukee, Wisconsin 53225.

**ANSWER:**     Defendant admits that the Plaintiff performed compensable work for Timber Creek in his position of Assembler primarily at Timber Creek's Milwaukee, Wisconsin location, located at 5059 North 119th Street, Milwaukee, Wisconsin 53225. Defendant denies the remaining allegations of Paragraph 29 of Plaintiff's Complaint.

30.     During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

**ANSWER:**     Defendant admits that the Plaintiff was compensated by Timber Creek on an hourly basis and/or with an hourly rate of pay. Defendant denies the remaining allegations of

Paragraph 30 of Plaintiff's Complaint.

31.     During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

**ANSWER:**     Defendant admits that during the entirety of Plaintiff employment with Timber Creek, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL. Defendant denies the remaining allegations of Paragraph 31 of Plaintiff's Complaint.

32.     Plaintiff's last day of actual work at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge was on or about June 14, 2021.

**ANSWER:**     Defendant admits that Plaintiff's last day of actual work for Timber Creek was on or about June 14, 2021. Defendant denies the remaining allegations of Paragraph 32 of Plaintiff's Complaint.

33.     On a daily basis during Plaintiff's employment with Defendants, Plaintiff worked alongside other hourly-paid, non-exempt employees at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge at Defendants' Milwaukee, Wisconsin location.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendants in hourly-paid, non-exempt job positions and performed compensable work at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge at locations that were owned, operated, and managed by Defendants.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt

employees worked in excess of forty (40) hours per workweek.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt employees on a weekly basis via check.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' workweek for FLSA and WWPCL purposes was Sunday through Saturday.

**ANSWER:**    Defendant admits that, during the three (3) years immediately preceding the filing of this Complaint, Timber Creek's workweek for FLSA and WWPCL purposes was Sunday through Saturday. Defendant denies the remaining allegations of Paragraph 38 of Plaintiff's Complaint.

39.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendants.

**ANSWER:**    Defendant admits that, during the three (3) years immediately preceding the filing of this Complaint, Plaintiff and all other hourly-paid, non-exempt employees of Timber Creek were non-union employees. Defendant denies the remaining allegations of Paragraph 39 of Plaintiff's Complaint.

40.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful policy, practice, custom, and/or scheme of shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.    During the three (3) years immediately preceding the filing of this Complaint (ECF

No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendants' same pay and timekeeping policies and practices.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

**ANSWER:**   Defendant admits that, during the three (3) years immediately preceding the filing of this Complaint, Timber Creek tracked and/or recoded the hours each workweek for Plaintiff and all other hourly-paid, non-exempt employees of Timber Creek. Defendant denies the remaining allegations of Paragraph 42 of Plaintiff's Complaint.

43.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained an electronic time-clock system (hereinafter simply "Defendants' electronic timekeeping system") that Plaintiff and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

**ANSWER:**   Defendant admits that, during the three (3) years immediately preceding the filing of this Complaint, Timber Creek maintained an electronic time-clock system (hereinafter simply "Timber Creek's electronic timekeeping system") that Plaintiff and all other hourly-paid, non-exempt employees of Timber Creek used on a daily basis for timekeeping and/or recordkeeping purposes. Defendant denies the remaining allegations of Paragraph 43 of Plaintiff's Complaint.

44.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendants' electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

**ANSWER:**   Defendant admits that, during the three (3) years immediately preceding the filing of this Complaint, Plaintiff and all other hourly-paid, non-exempt employees of Timber Creek used Timber Creek's electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes. Defendant denies the remaining allegations of Paragraph 44 of Plaintiff's Complaint.

45.     During the three (3) years immediately preceding the filing of this Complaint (ECF

No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant admits that, during the three (3) years immediately preceding the filing of this Complaint, Plaintiff and all other hourly-paid, non-exempt employees of Timber Creek used Timber Creek's electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes. Defendant denies the remaining allegations of Paragraph 45 of Plaintiff's Complaint.

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant admits that, during the three (3) years immediately preceding the filing of this Complaint, Timber Creek maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees of Timber Creek. Defendant denies the remaining allegations of Paragraph 46 of Plaintiff's Complaint.

47. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned.

**ANSWER:** Defendant admits that, during the three (3) years immediately preceding the filing of this Complaint, Timber Creek maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees of Timber Creek for all remuneration earned. Defendant denies the remaining allegations of Paragraph 47 of Plaintiff's Complaint.

48. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendants' electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

**ANSWER:** Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking in" via Defendants' electronic timekeeping system at the beginning of

their shifts each work day.

    **ANSWER:**    Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

    50.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendants' electronic timekeeping system at the end of their shifts each work day.

    **ANSWER:**    Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

    51.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendants' electronic timekeeping system were kept, stored, and/or retained by Defendants.

    **ANSWER:**    Defendant admits that, during the three (3) years immediately preceding the filing of this Complaint, the "clock in" and "clock out" times each work day via Timber Creek's electronic timekeeping system for Plaintiff and all other hourly-paid, non-exempt employees of Timber Creek were kept, stored, and/or retained by Timber Creek. Defendant denies the remaining allegations of Paragraph 51 of Plaintiff's Complaint.

    52.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendants' electronic timekeeping system recorded, reflected, and represented actual hours worked and work performed each work day and each workweek by Plaintiff and all other hourly-paid, non-exempt employees. However, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek.

    **ANSWER:**    Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

    53.    Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to arrive to work on Defendants' premises and to perform compensable work immediately after "clocking in" via Defendants' electronic timekeeping system for their scheduled shift start times.

**ANSWER:** Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' normal or customary daily routines were to arrive to work on Defendants' premises and to perform compensable work immediately after "clocking in" via Defendants' electronic timekeeping system for their scheduled shift start times. For example, during Plaintiff's employment with Defendants, Plaintiff's normal or customary daily routine was to arrive to work at Defendants, "clock in" via Defendants' electronic timekeeping system at approximately 12:25 p.m. for his 12:30 p.m. scheduled shift start time, and to immediately begin performing compensable work, such as obtaining his work tools, meeting with other employees regarding work to be done for the shift, physically walking to his work area, and cleaning up his work area and being ready to work by his scheduled shift start time.

**ANSWER:** Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants' compensation practice applicable to Plaintiff and all other hourly-paid, non-exempt employees at the beginning of their shifts each work day was to round said employees' actual hours worked and/or work performed forward to said employees' scheduled shift start times. Such a practice was non-neutral and resulted in Defendants shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek for pre-shift hours worked and/or work performed.

**ANSWER:** Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to perform compensable work immediately prior to "clocking out" via Defendants' electronic timekeeping system for their scheduled shift end times.

**ANSWER:** Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' normal or customary daily routine was to perform compensable work immediately prior to "clocking out" via Defendants' electronic timekeeping system for their scheduled shift end times.

**ANSWER:** Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants' compensation practice applicable to Plaintiff and all other hourly-paid, non-exempt employees at the end of their shifts each work day was to round said employees' actual hours worked and/or work performed backwards to said employees' scheduled shift end times. For example, during Plaintiff's employment with Defendants and if Plaintiff's normal or customary daily scheduled shift end time was 10:30 p.m. but Plaintiff was performing compensable work past his scheduled shift end time and "clocked out" via Defendants' electronic timekeeping system at approximately 10:35 p.m. immediately after performing compensable work, Defendants' practice was to round Plaintiff's end time back to 10:30 p.m. for compensation purposes. Such a practice resulted in Defendants shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek for post-shift hours worked and/or work performed in a similar fashion each work day after "clocking out" via Defendants' electronic timekeeping system.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all pre-shift and post-shift compensable work performed as described herein.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt employees when compensable work commenced and ceased each work day.

**ANSWER:** Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendants suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed each work day and each workweek.

**ANSWER:** Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Defendants were or should have been aware that their compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

**ANSWER:** Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

65.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

All hourly-paid, non-exempt employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of himself and a class of similarly situated employees. Defendant denies that such an FLSA Collective has standing to bring this action, and denies any remaining allegations in Paragraph 65 of Plaintiff's Complaint.

66.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER:** Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.    Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants, as a matter of policy and practice, shaved time from the FLSA Collective's timesheets for all pre-shift and post-shift hours worked and/or work performed each work day while "clocked in" via its electronic timekeeping system. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendants at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.    The First Claim for Relief is brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

**ANSWER:**    Defendant admits that Plaintiff purports to bring this action as an opt-in Collective Action. Defendant denies that such an FLSA Collective has standing to bring this action and denies any remaining allegations in Paragraph 69 of Plaintiff's Complaint.

70.    The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

**ANSWER:**    The allegations contained in Paragraph 70 of the Plaintiff's Complaint consist of legal conclusions to which no response is required. Defendant denies any remaining allegations in Paragraph 70 of Plaintiff's Complaint.

71.    Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.    Plaintiff and the FLSA Collective seek relief on a collective basis challenging,

among other FLSA violations, Defendants' practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

**ANSWER:** Defendant admits that Plaintiff on behalf of the purported FLSA Collective seeks relief on a collective basis. Defendant denies that Plaintiff and the FLSA Collective are entitled to any such relief and denies any remaining allegations in Paragraph 72 of Plaintiff's Complaint.

73.     Defendants were or should have been aware that their unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' facilities in areas where postings are normally made.

**ANSWER:** Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

**ANSWER:** Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

76.     Plaintiff brings this action on behalf of himself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendants in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) through the date of judgment who have not been compensated for all hours worked each workweek – either at a regular rate of pay or at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek – as a result of Defendants' timeshaving practices.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of himself and a class of similarly situated employees. Defendant denies that such a Wisconsin Class has standing to bring this action and denies any remaining allegations in Paragraph 76 of Plaintiff's Complaint.

77.     The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

**ANSWER:** Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one hundred (100) members of the Wisconsin Class.

**ANSWER:** Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

**ANSWER:** Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

**ANSWER:** Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     Defendants have violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendants' actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendants' benefit without being properly compensated; (3) Whether Defendants failed to pay Plaintiff and the Wisconsin Class for all work Defendants suffered or permitted them to perform

each work day and each workweek; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages**
**(Plaintiff on behalf of himself and the FLSA Collective)**

86.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**ANSWER:**   Defendant asserts its Answers to all preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

87.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

**ANSWER:**   Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     At all times material herein, Defendants were an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and

practice in violation of the FLSA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Defendants violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendants' unlawful compensation practice shaved time from the FLSA Collective's timesheets for all pre-shift and post-shift hours worked and/or work performed, and by failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**ANSWER:** The allegations contained in Paragraph 92 of the Plaintiff's Complaint call for a legal conclusion to which no response is required. Defendant denies any remaining allegations in Paragraph 96 of Plaintiff's Complaint.

93. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

**ANSWER:** Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. Defendants' failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre- judgment interest at the applicable legal rate.

**ANSWER:** Defendant denies the allegations contained in Paragraph 94 of Plaintiff's

Complaint.

95.    Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 95 of Plaintiff's

Complaint.

96.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**ANSWER:**    The allegations contained in Paragraph 96 of the Plaintiff's Complaint consist

of legal conclusions to which no response is required. Defendant denies any remaining allegations

in Paragraph 96 of Plaintiff's Complaint.

### SECOND CLAIM FOR RELIEF
### Violations of the WWPCL – Unpaid Overtime Wages
### (Plaintiff, on behalf of himself and the Wisconsin Class)

97.    Plaintiff, on behalf of himself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

**ANSWER:**    Defendant asserts its Answers to all preceding paragraphs of Plaintiff's

Complaint as if fully set forth herein.

98.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

**ANSWER:**    Defendant denies the allegations contained in Paragraph 98 of Plaintiff's

Complaint.

99.    At all relevant times, Defendants were an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**ANSWER:**    Defendant denies the allegations contained in Paragraph 99 of Plaintiff's

Complaint.

100.    At all relevant times, Defendants employed, and continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et*

*seq.*, and Wis. Admin. Code § DWD 272.01.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.    Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed each work day and each workweek, resulting in Defendants impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the WWPCL.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.    Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**ANSWER:** Defendant admits that Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL. Defendant denies that Plaintiff and the Wisconsin Class are entitled to any such relief and denies any remaining allegations in Paragraph 106 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF
### Violations of the WWPCL – Unpaid Regular Wages/Failure to Pay an Agreed-Upon Wage
### (Plaintiff, on behalf of himself and the Wisconsin Class)

107. Plaintiff, on behalf of himself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

**ANSWER:** Defendant asserts its Answers to all preceding paragraphs of Plaintiff's Complaint as if fully set forth herein.

108. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

**ANSWER:** Defendant denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109. At all relevant times, Defendants were an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**ANSWER:** Defendant denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110. At all relevant times, Defendants employed, and continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

**ANSWER:** Defendant denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 111 of Plaintiff's

Complaint.

112.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 112 of Plaintiff's

Complaint.

113.    Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendants at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 113 of Plaintiff's

Complaint.

114.    Throughout the Wisconsin Class Period, Defendants did not compensate the Wisconsin Class for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 114 of Plaintiff's

Complaint.

115.    Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed each work day and each workweek, resulting in Defendants impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at their regular hourly rate of pay when hours worked each workweek did not exceed forty (40), in violation of the WWPCL.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 115 of Plaintiff's

Complaint.

116.    Defendants willfully failed to pay Plaintiff and the Wisconsin Class compensation for all hours worked that did not exceed forty (40) hours in a workweek, in violation of the WWPCL.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 116 of Plaintiff's

Complaint.

117. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**ANSWER:** Defendant admits that Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL. Defendant denies that Plaintiff and the Wisconsin Class are entitled to any such relief and denies any remaining allegations in Paragraph 118 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which monetary, equitable, or injunctive relief may be granted because, among other things, Plaintiff has not identified a single workweek within any applicable statute of limitations period in which Plaintiff, or any of the individuals the Plaintiff seek to represent, were not paid as permitted by the FLSA, including, but not limited to, 29 C.F.R. § 785.48(b).

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted because any action taken by Defendant was taken based on legitimate and reasonable business reasons.

3. Plaintiff cannot meet the requirements of 29 U.S.C. § 216(b), and thus is not entitled to collective action certification of his FLSA claim.

4.　　Plaintiff cannot meet the requirements of Wis. Stat. § 803.08, and thus is not entitled to class certification for his WPPCL claims.

5.　　Plaintiff's claims and the claims that he seeks to assert on behalf of others are barred in whole or in part by the applicable statute of limitations.

6.　　Plaintiff's claims, and those claims of any other persons on whose behalf Plaintiff seeks to assert under the FLSA, are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and in reliance upon established rulings, administrative regulations, and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

7.　　To the extent Defendant is found to have violated the WPPCL with respect to Plaintiff's Complaint, said violation was not dilatory or unjust.

8.　　Defendant's actions were taken in good faith with reasonable grounds to believe that the actions were not in violation of law, such that no liquidated damages may be awarded pursuant to 29 U.S.C. § 260.

9.　　Defendant's actions were not willful. No act or omission of Defendant which is alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the FLSA.

10.　　The collective and class allegations should be dismissed because independent and individual analysis of Plaintiff and the putative class and collective members' claims and Defendant's defenses to such claims are required.

11.　　Plaintiff cannot offer a model of damages that is amenable to collective or class treatment.

12.　　Certification of a collective or class, as applied to the facts and circumstances of this case, would constate a denial of Defendant's procedural rights and rights to a trial by jury

and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

13.     If Plaintiff and/or any putative collective or class members succeed in establishing any violation and to the extent any sums are found due and owing, any recovery should be offset by any sums owed by Plaintiff and/or any putative collective or class members to Defendant.

14.     Defendant asserts that any time spent by Plaintiff beyond his compensated workweek was *de minimis*.

15.     Plaintiff's claims, and the claims of those individuals that Plaintiff seeks to represent, are barred, at least in part, to the extent that their claims seek compensation for unpaid worktime below the 40-hour overtime threshold (*i.e.*, "gap time").

16.     Plaintiff's claims and the claims of the individuals he purports to represent are barred to the extent they failed to comply with Defendant's policies and procedures requiring them to record all hours worked for payroll purpose and Defendant did not otherwise know, or have reason to know, that they were performing compensable work activities.

17.     Some or all of the affirmative or additional defenses asserted herein may apply to claims that may be asserted by some of the putative collective or class members described in Plaintiff's Complaint.

Defendant reserves the right to amend its Answer to raise any additional defenses that may become available during the discovery process. Defendant reserves the right to assert additional affirmative defenses as established by the facts of this case.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed, that Plaintiff take nothing thereby, that Plaintiff be ordered to pay Defendant's reasonable attorneys' fees and costs incurred in defending this action, and that this Court award Defendant any and all further

relief that this Court deems appropriate.

Dated: May 27, 2022.

**O'NEIL, CANNON, HOLLMAN, DeJONG & LAING S.C.**
Counsel for Timber Creek Resource, LLC

By: _/s/ Erica N. Reib_
    Christa D. Wittenberg
    Erica N. Reib
    111 East Wisconsin Avenue, Suite 1400
    Milwaukee, Wisconsin 53202
    Telephone: 414.276.5000
    E-mail:    christa.wittenberg@wilaw.com
            erica.reib@wilaw.com