UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOEL ESTEVEZ,

       Plaintiff,

  v.                               Case No. 22-CV-380

FCA, LLC and TIMBER CREEK
RESOURCE, LLC,

       Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF FCA, LLC'S MOTION TO DISMISS**

Plaintiff Joel Estevez is not now, nor has he ever been, employed by Defendant, FCA, LLC (the "Company," "FCA," or "Defendant"). Yet, Mr. Estevez has sued FCA, LLC under the Fair Labor Standards Act ("FLSA") and the Wisconsin Wage Payment and Collection Laws ("WWPCL"), both of which require Mr. Estevez to have an employee-employer relationship with the Defendant. In addition to precluding any possible merit to those claims, the lack of employee-employer relationship also means this Court does not have jurisdiction to hear these claims for one threshold reason: Mr. Estevez has no standing to pursue a claim against FCA because he has suffered no injury with respect to FCA. By lumping Defendants together in his Complaint and failing to allege an employer-employee relationship with FCA (because he cannot so allege), Mr. Estevez also fails to state a claim upon which relief can be granted. Plaintiff's claims against FCA should be dismissed pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## I. LEGAL STANDARDS

### A. Legal Standard for Dismissal Under Rule 12(b)(1)

Rule 12(b)(1) permits the dismissal of an action for lack of subject-matter jurisdiction. To survive a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of establishing that the court has jurisdiction over his claims. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). As the party invoking federal jurisdiction, a plaintiff bears the burden of establishing the elements of Article III standing. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

To establish standing, a plaintiff must first demonstrate that he suffered "injury in fact" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559 (1992). Second, a plaintiff must establish "a causal connection between the conduct complained of and the injury plaintiff suffered." *Id.* "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal citations and quotation marks omitted). The plaintiff bears the burden of proof for establishing these elements. *Id.*

Where the defendant makes a "factual attack" on the Court's jurisdiction through submission of declarations or other evidentiary materials, the "plaintiff is also required to submit facts through some evidentiary method and has the burden of providing by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

In a class action context, a named plaintiff who purports to represent a class "must allege and show that [he] personally [has] been injured, not that injury has been suffered by

2

other, unidentified members of the class to which [he] belong[s] and which [he] purport[s] to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

### B. Legal Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) provides for dismissal when the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the factual allegations in the complaint must demonstrate "a right to relief above the speculative level" and must demonstrate that the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Facts pleaded are taken as true, but legal assertions and unreasonable inferences are not. *See Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 570 (citation omitted). The pleading standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## II. ARGUMENT

### A. Plaintiff's Complaint Should Be Dismissed Under 12(b)(1) for Failure to Establish Standing.

Mr. Estevez cannot have been harmed by FCA or its employment practices because he was never employed by FCA. As a result, the Court should dismiss the claims against FCA pursuant to Rule 12(b)(1) because Mr. Estevez has not established, and cannot establish, standing to bring claims for any FLSA or WWPCL violations against FCA.

3

Article III of the United States Constitution limits federal judicial power to hearing only "cases" and "controversies.". *Lujan,* 504 U.S. at 559–60 (internal citations and quotations marks omitted). To satisfy the case-or-controversy requirement, a plaintiff must show he has: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). In the absence of a plaintiff with standing to pursue a claim, a federal court does not have subject-matter jurisdiction over the claim because there is no case or controversy. *See Silha*, 807 F.3d at 175.

Critically, a plaintiff cannot circumvent these standing requirements by reliance on potential opt-in class members. This tactic has been expressly rejected by courts. *White v. Classic Dining Acquisition Corp.*, No. 1:11-CV-712-JMS-MJD, 2012 WL 1252589, at *2 (S.D. Ind. Apr. 13, 2012) ("[S]tanding may not be acquired by a named Plaintiff in a class action by asserting the rights of putative class members."). A plaintiff in a purported class action "must allege and show that [he] personally [has] been injured, not that injury has been suffered by other, unidentified members of the class to which [he] belong[s] and which [he] purport[s] to represent." *Warth*, 422 U.S. at 502. Standing is required at the time of filing, and later class certification is irrelevant to the inquiry. *See Walters v. Edgar*, 163 F.3d 430, 432-33 (7th Cir. 1999).

"To demonstrate that they have standing, named plaintiffs in a class action must meet every element of standing as to each defendant, including alleging that they were injured by each defendant named in the suit." *Joaquin v. Coliseum Inc.*, No. A-15-CV- 787-LY, 2016 WL 3906820, at *2 (W.D. Tex. July 13, 2016). Thus, "[a] named plaintiff in a collective action adequately pleads standing against a particular defendant only if the plaintiff has alleged an injury that the defendant caused to him." *Id.*

4

### 1. The statutes Mr. Estevez invokes only allow an employee to sue an employer.

The FLSA applies only to "employees" who are "employed" by "employers." 29 U.S.C. § 207(a)(1); *see also* 29 U.S.C. § 203(d), (e)(1), (f) (defining terms). "Under the FLSA, alleged employees' 'injuries are only traceable to, and redressable by, those who employed them.'" *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285 (7th Cir. 2016). "In short, FLSA only empowers a plaintiff to sue his employer. The same goes for the WWPCL." *Mayer v. Waste Mgmt., Inc.*, No. 21-CV-0984-BHL, 2022 WL 1213008, at *5 (E.D. Wis. Apr. 25, 2022). Consequently, unless an entity is a plaintiff's "employer," it is not a proper defendant in a lawsuit brought by that plaintiff pursuant to the FLSA.

"[A] parent corporation is not liable for violations of the Fair Labor Standards Act by its subsidiary unless it exercises significant authority over the subsidiary's employment practices." *Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 764 (7th Cir. 2013). "Plaintiffs must point to an injury caused by each defendant corporation; mere corporate relationship between a defendant and another corporation responsible for an injury does not establish standing." *Lucas v. BMS Enterprises, Inc.*, No. 309-CV-2159-D, 2010 WL 2671305, at *2 (N.D. Tex. July 1, 2010). "Plaintiffs must plead separate employment, separate payment from the employers, and separate injuries regarding their wages and tips by each employer to establish standing" against additional defendants. *Joaquin*, 2016 WL 3906820, at *8.

### 2. Mr. Estevez Cannot Establish Facts Showing an Injury from FCA.

Applying these standards, to satisfy the standing requirement, Mr. Estevez must show he suffered an injury that is traceable to the challenged conduct of FCA. To do so, he also must establish the requisite employment relationship with FCA to show standing under the FLSA and the WWPCL. Mr. Estevez cannot establish facts to show he suffered any injury from FCA

because he was not employed by FCA. He also cannot possibly fairly trace any injury to FCA's actions. As a result, he cannot establish constitutional standing to bring a wage claim against FCA.

FCA indisputably never employed Mr. Estevez. *See* Declaration of David Wilsted, filed herewith, ¶ 9; Declaration of Steven Everett, Jr., filed herewith, ¶ 5. Defendant Timber Creek Resource, LLC ("Timber Creek") employed Plaintiff during the relevant time period. Everett Decl. ¶ 5. Timber Creek oversees the day-to-day work, job duties, responsibilities, tasks, and functions of its employees. *Id.* ¶ 3. Timber Creek's managers and officers directly supervise Timber Creek employees, run Timber Creek's day-to-day operations, and make Timber Creek's personnel and wage and hour decisions. *Id.* FCA does not supervise or manage Timber Creek employees or run its operations. *Id.* ¶ 4. Instead, the personnel decisions regarding Timber Creek employees are the responsibility of Timber Creek, not FCA. Wilsted Decl. ¶ 8. FCA has separate timekeeping systems, payroll systems, timekeeping policies, and payroll policies. *Id.* ¶ 5. Because FCA is not Plaintiff's employer, it cannot be held directly liable under any statute that requires an employer-employee relationship between the parties.

The only conceivable connection that FCA could have to the claims raised in the Complaint would be by virtue of its status as the parent company of Timber Creek. However, it is well-settled that parent companies are not liable for the wrongs of their subsidiaries unless the corporate veil can be pierced. *See Uebelacker v. Paula Allen Holdings, Inc.*, 464 F. Supp. 2d 791, 799 (W.D. Wis. 2006) ("A basic tenet of corporate law is that subsidiaries and parent corporations are designed to be legally separate from one another.").

Ms. Estevez has made no allegations in his Complaint to suggest that FCA and Timber Creek are alter-egos of one another, such that a piercing of the corporate veil would be warranted. Such allegations would be completely unfounded, as FCA keeps its own minutes and

records and has its own officers and directors, and intra-company transactions between FCA and Timber Creek are at arm's length. *See* Wilsted Decl. ¶¶ 4, 6, 7.

A recent decision in the Eastern District of Wisconsin addressing analogous facts is instructive: *Mayer v. Waste Mgmt., Inc.*, No. 21-CV-0984-BHL, 2022 WL 1213008 (E.D. Wis. Apr. 25, 2022). In that case, a plaintiff brought a putative collective action under the FLSA and the WWPCL against his employer and two other entities that were affiliated with his employer. *Id.* at *1. The Court dismissed one of the non-employer entities[1] and granted its Rule 12(b)(1) motion to dismiss for lack of standing *Id.* at *5. The Court reasoned as follows:

> If Plaintiff cannot show that WMI is his "joint employer," then he has no standing to sue it under the FLSA because a plaintiff can only bring a FLSA action against his employer. For the same reasons discussed earlier, none of Plaintiff's uncontroverted allegations establish that he is jointly employed by both WMWI and WMI. Nothing in the record indicates that WMI has any reasonable ability to control a WMWI employee's working conditions. Absent such evidence, the Court cannot label WMI a joint employer.

*Id.* at *5.

In short, there exists no scenario in which FCA could have been involved in, or could be held liable for, any of the wrongdoings alleged by Mr. Estevez in his Complaint, and no scenario in which FCA could have caused any injury to Mr. Estevez. Accordingly, FCA respectfully requests the Court dismiss the claims against it for lack of standing an, as a result, lack of subject-matter jurisdiction.

### B. Mr. Estevez Fails to State a Claim Against FCA.

The Court should also dismiss this action pursuant to Rule 12(b)(6) because Mr. Estevez does not (and cannot) allege facts sufficient to state a claim against FCA. Mr. Estevez has failed to adequately allege any employer-employee relationship between him and FCA (and he cannot).

---

[1] The other was dismissed for lack of personal jurisdiction, before reaching its standing argument. *Id.* at *3-4.

Instead, he lumps together both Defendants throughout his Complaint, without differentiation. Therefore, Plaintiff has failed to state a claim upon which relief can be granted as to FCA.

When a complaint names multiple parties as defendants, fair notice, in general, and Rule 8, specifically, require that the complaint segregate and identify the alleged wrong committed by each defendant. "When a complaint indiscriminately lumps all defendants together, it fails to comply with Rule 8." *Joseph v. Bernstein*, No. 13-24355-CIV, 2014 WL 4101392, at *3 (S.D. Fla. Aug. 19, 2014); *see also In re Parkcentral Glob. Litig.*, No. 3:09-CV-0765-M, 2010 WL 3119403, at *3 (N.D. Tex. Aug. 5, 2010) ("It is impermissible to make general allegations that lump all defendants together; rather, the complaint must segregate the alleged wrongdoing of one from another."); *Wright v. City of Santa Cruz*, No. 13-cv-01230-BLF, 2014 WL 5830318, at *5 (N.D. Cal. Nov. 10, 2014) ("These allegations are inadequate because they lump all defendants together and fail to allege the factual basis for each defendant's liability."); *Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) "(By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8.").

In *Bank of America, N.A. v. Knight*, 725 F.3d 815 (7th Cir. 2013), the Seventh Circuit condemned the practice of lumping all defendants together in a complaint:

> *Iqbal* and *Twombly* hold that a complaint must be dismissed unless it contains a plausible claim. A contention that "the defendants looted the corporation"—without any details about who did what—is inadequate. Liability is personal. An allegation that *someone* looted a corporation does not propound a plausible contention that *a particular person* did anything wrong. The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed.

*Id.* at 818.

As discussed above, a plaintiff must adequately allege facts establishing an employer-employee relationship to state a claim for unpaid wages. The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To succeed on his FLSA overtime claim, Mr. Estevez must show: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). The WWPCL also requires an employer-employee relationship. *See* Wis. Stat. § 109.09.

Courts applying the requirement that a plaintiff allege an employer-employee relationship and the prohibition on generally alleging facts against multiple defendants indiscriminately have dismissed claims where multiple entities are lumped together. *See Boyce v. SSP Am. MDW, LLC*, No. 19 C 2157, 2019 WL 3554153, at *4 (N.D. Ill. July 31, 2019) (dismissing a plaintiff's claims for lack of standing after the plaintiff failed to allege sufficient facts to show an employer-employee relationship). In *Boyce*, allegations lumping multiple defendants together did not state a claim—the court "disregard[ed] these kinds of bare, conclusory allegations because they are not entitled to the presumption of truth." *Id.*

Similarly, where a complaint named four medical centers as defendants with only "generalized assertions" regarding their relationship to the properly named defendant, the complaint was dismissed for failure to state a claim. *Davis v. Abington Mem'l Hosp.*, No. 09-5520, 2012 WL 3206030, at *4-5 (E.D. Pa. Aug. 7, 2012). The court explained:

> To establish that these medical centers are employers under the FLSA, however, Plaintiffs must also connect these Defendants to the allegations of wrongdoing or show that these medical centers exert significant control over the employment of the named Plaintiffs. . . . *These Defendants cannot be held liable merely because they have common ownership or are otherwise part of a common enterprise wherein some entities are employers of the named Plaintiffs.*

*Id.* at *5 (emphasis added).

In support of his individual and putative class claims that FCA violated the FLSA, Mr. Estevez makes the conclusory allegation that FCA "owned, operated, and managed Defendant Timber Creek." ECF No. 1, ¶ 13. This is the sole allegation in the Complaint linking FCA to any of the alleged conduct that forms the basis of Mr. Estevez's claims. Mr. Estevez then simply groups FCA and Timber Creek together as the "Defendants" throughout the Complaint, without attributing any conduct to either particular Defendant. That is improper pleading. Without plausible factual allegations that FCA was Mr. Estevez's employer, the Complaint fails to state a claim upon which relief can be granted as against FCA.

### III. CONCLUSION

Because FCA never employed Mr. Estevez, he was not injured by FCA, so has no standing to bring his claims against FCA. He also fails to state a claim upon which relief can be granted as against FCA because he improperly lumps together the Defendants throughout his pleading. The Complaint fails to adequately allege any employer-employee relationship between Mr. Estevez and FCA (because none ever existed), even though it is a required element for a wage claim under the FLSA or the WWPCL. Plaintiff's Complaint against FCA should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: May 27, 2022.

          **O'NEIL, CANNON, HOLLMAN, DeJONG & LAING S.C.**
          Counsel for FCA, LLC and Timber Creek Resource, LLC

By: */s/ Christa D. Wittenberg*
    Christa D. Wittenberg
    Erica N. Reib
    111 East Wisconsin Avenue, Suite 1400
    Milwaukee, Wisconsin 53202
    Telephone: 414.276.5000
    E-mail: christa.wittenberg@wilaw.com
           erica.reib@wilaw.com