UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOEL ESTEVEZ,

    Plaintiff,

    v.    Case No. 22-cv-380

FCA, LLC and TIMBER CREEK
RESOURCE, LLC,

    Defendants.

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

Pursuant to FED. R. CIV. P. 7(b) and CIV. L. R. 7, the Parties, by their undersigned counsel, hereby move the Court for: (a) approval of their Settlement and Release Agreement; and (b) dismissal of this action with prejudice and without costs pursuant to FED. R. CIV. P. 41. The grounds for the motion are as follows:

1.    This is an action brought, in part, under the Fair Labor Standards Act ("FLSA"). The Parties have reached a settlement. Pursuant to that settlement, in exchange for a monetary payment, Joel Estevez ("Plaintiff"), is required to dismiss his FLSA and Wisconsin wage and hour law claims with prejudice and release Timber Creek Resource, LLC ("Timber Creek") from any further liability under the FLSA and Wisconsin wage and hour laws. A copy of the Parties' Settlement and Release Agreement is being filed as Exhibit A to this motion. However, in order for a private settlement of FLSA claims to be enforceable, the settlement must be approved by the U.S. Department of Labor or a district court. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). Because the Parties believe they have reached a fair and reasonable

resolution of disputed issues, they are seeking this Court's approval of their Settlement and Release Agreement along with dismissal of the action with prejudice.

2. When reviewing the fairness of a settlement under the FLSA, a court "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010). An agreement that "is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation" is normally approved. *Id*. (internal quotation and citation omitted). A court reviewing a FLSA settlement "may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness." *Id*. (internal quotation and citation omitted). Courts look to the following factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Smoot v. Wieser Bros. Gen. Contractors, Inc.*, No. 15-CV-424-JDP, 2016 WL 1736498, at *6 (W.D. Wis. Apr. 29, 2016)(*citing Burkholder*, 750 F. Supp. 2d at 995).

3. Because the Parties believe they have reached a fair resolution of disputed issues, they are seeking this Court's approval of their Settlement and Release Agreement along with dismissal of the action with prejudice and without further costs to either party.

4. Plaintiff filed his complaint on March 28, 2022 alleging that he and other similarly-situated current and former hourly-paid, non-exempt employees of Defendants were not paid overtime compensation for hours worked in excess of forty in a workweek in violation of the FLSA and Wisconsin wage and hour laws and were not paid regular wages/the agreed-upon wage in violation of Wisconsin wage and hour laws (ECF No. 1).

5. FCA, LLC filed a Motion to Dismiss on May 27, 2022 (ECF No. 18), and the Parties stipulated to dismiss FCA, LLC without prejudice and without costs on June 15, 2022 (ECF No. 23).

6. Timber Creek answered the Complaint on May 27, 2022 and denied the allegations of the Complaint that would subject Timber Creek to liability for unpaid overtime wages or unpaid regular wages/agreed-upon wages. (ECF No. 17.)

7. Plaintiff's Counsel reviewed and analyzed records provided by Timber Creek in order to evaluate Plaintiff's Claims.

8. Between October 29, 2022 and November 15, 2022, the Parties engaged in good-faith, arms' length settlement negotiations and were able to reach a settlement for the Plaintiff's claims for a total of $14,000.00. The Parties' settlement was reached in light of bona fide disputes related to Plaintiff's claims, including:

    a. The amount and extent of Plaintiff's damages in the event that Plaintiff's allegations were proven; and

    b. Whether, if Plaintiff's allegations were proven, Plaintiff would be entitled to recover liquidated damages and/or civil penalties under the FLSA and Wisconsin law respectively.

9. The Parties believe their settlement is a fair and reasonable resolution of Plaintiff's claims in light of the expense and risks of continued litigation necessary to resolve their disputes as set forth above.

10. The FLSA "speaks of allowing fees 'in addition to any judgment awarded,' treating the merits of an FLSA claim and the attorney fees as distinct." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (citing 29 U.S.C. § 216(b)). Thus, "[w]hen the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement." *Id*. "[A]ny authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney fees." *Id*. "This reading of the statute is consistent with the rationale of the circuits that require approval for all FLSA settlements because such approval serves the FLSA's underlying purpose of protecting worker's rights." *Id*. (internal citation omitted).

11. Based upon the foregoing, Plaintiff has not separately filed a motion for approval of his attorneys' fees and costs nor is such a motion required by the terms of the Parties' Settlement Agreement, but if this Court requires such a motion, Plaintiff respectfully requests additional time to file the same with the Court.

12. Pursuant to Civ. L. R. 7, the Parties hereby certify that this motion is submitted without a supporting memorandum of law in order to avoid further incurring attorneys' fees and costs which, if incurred, may otherwise be a barrier to the Parties' ability to resolve this matter.

WHEREFORE, for all the foregoing reasons, Plaintiff and Timber Creek request that the Court approve the Settlement and Release Agreement and dismiss the case with prejudice pursuant to Fed. R. Civ. P. 41.

Dated this 15th day of December, 2022.

| | |
|---|---|
| Respectfully submitted, | Respectfully Submitted, |
| s/ *Erica N. Reib* | s/ *David M. Potteiger* |
| Erica N. Reib, SBN 1084760 | James A. Walcheske, SBN 1065635 |
| Erica.reib@wilaw.com | jwalcheske@walcheskeluzi.com |
| Christa Wittenberg SBN 1096703 | Scott S. Luzi, SBN 1067405 |
| Christa.wittenberg@wilaw.com | sluzi@walcheskeluzi.com |
| | David M. Potteiger, SBN 1067009 |
| O'Neil, Cannon, Hollman, DeJong & Laing S.C. | dpotteiger@walcheskeluzi.com |
| 111 E. Wisconsin Avenue, Suite 1400 | Walcheske & Luzi, LLZ |
| Milwaukee, WI 53202 | 235 North Executive Drive, Suite 240 |
| (414) 276-5000 (office) | Brookfield, Wisconsin 53005 |
| (414) 276-6581 (facsimile) | (262) 780-1953 (office) |
| Attorneys for Defendant | Attorneys for Plaintiff |