## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into between Defendant Timber Creek Resource, LLC ("Defendant") and Joel Estevez ("Plaintiff"). Plaintiff and Defendant may referred to in this Agreement collectively as the "Parties."

WHEREAS, Plaintiff filed a lawsuit alleging that Defendant failed to pay him and other similarly situated individuals overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Wisconsin wage and hour laws, Wis. Stat. § 103.01, et seq., Wis. Stat. § 104.01 et seq., and Wis. Stat. § 109.01 et seq., and related Wisconsin administrative regulations (collectively "Wisconsin Wage and Hour Law"), and failed to pay him and other similarly situated individuals regular wages/agreed-upon wages under Wisconsin Wage and Hour Law, which lawsuit is captioned *Estevez v. FCA, LLC, et al*., pending in the United States District Court for the Eastern District of Wisconsin, Case No. 22-cv-380 (hereinafter the "Lawsuit");

WHEREAS, there are *bona fide* disputes as to the facts and law regarding Plaintiff's claims including, but not limited to, whether he worked any time for which he was not compensated and whether his would be entitled to liquidated damages and/or other penalties under the FLSA or Wisconsin Wage and Hour Law claims;

WHEREAS, this Agreement was reached following arms-length negotiations; and

WHEREAS, the Parties desire to fully compromise and settle all existing and potential disputes and to avoid the expense and uncertainty of further litigation.

NOW, THEREFORE, in consideration of the provisions of the mutual covenants and promises contained herein, Plaintiff and Defendant agree as follows:

1. **CONSIDERATION** - In exchange for the promises in this Agreement, and for such other consideration as provided in this Agreement, following Defendant's receipt of this Agreement executed by Plaintiff, a completed W-4 from Plaintiff, a completed W-9 from Plaintiff's counsel's law firm, and approval by the Court as to the fairness of this Agreement through a Joint Motion for Approval of Settlement and entry of a Court Order approving the settlement through this Agreement and dismissing the Lawsuit with prejudice and without costs or fees except as provided for in this Agreement:

    (a) Defendant will, within 14 days of the Court's entry of an order approving the settlement reached through this Agreement, provide payment of $14,000.00, allocated according the following table:

| PAYABLE TO: | W2 PAYMENT | 1099 PAYMENT |
|:---:|:---:|:---:|
| Joel Estevez | $750.00 | $750.00 |
| Walcheske & Luzi, LLC | -- | $12,500.00 |

All payments shall be made by check payable to Plaintiff and his attorneys as set forth in the table above and shall be remitted to the law offices of Walcheske & Luzi, LLC. The payment made to Walcheske & Luzi, LLC shall constitute payment for Plaintiff's attorneys' fees and costs incurred in this matter and shall be reported to Walcheske & Luzi, LLC on IRS Form 1099-MISC. For purposes of settlement, Defendant stipulates and agrees that said fees and costs are reasonable. All other payments identified shall be treated for tax purposes according to the column heading under which such amounts are set forth, with amounts allocated under the column titled "W2 Payment" representing gross amounts before withholdings and being reported to Plaintiff on IRS Form W2 and amounts allocated under the column titled "1099 Payment" being made with no withholdings and reported to Plaintiff on IRS Form 1099-MISC. Defendant shall be responsible for any employer-side taxes due on the W2 payments made under this Agreement. All payments will be delivered to Attorney David M. Potteiger, Walcheske & Luzi, LLC, 235 N. Executive Drive, Suite 240, Brookfield, WI 53005.

(b)     Plaintiff acknowledges that the above payment(s) represent consideration from Defendant, and he is not otherwise entitled to the above payment(s) or the other consideration provided in this Agreement if he does not sign this Agreement. These payments and additional consideration are sufficient to support this Agreement. Defendant make no representations as to the employment and income tax consequences to Plaintiff.

(c)     Plaintiff acknowledges and agrees that he is solely responsible for any and all federal, state, and local taxes that may be due by Plaintiff from any monetary consideration paid pursuant to this Agreement, whether it is determined that any taxes are owed based on the taxation laws in effect on the date of execution of this Agreement or that may become due at any time in the future because of a change to the laws governing the taxation of such payments. Plaintiff expressly acknowledges and agrees that he is relying upon his own legal and/or tax advisors, and not upon Defendant or Defendant's attorneys, with respect to any tax aspect of this Agreement.

2.     **ADMINISTRATION OF SETTLEMENT** – The Parties have filed a Notice of Settlement in the Lawsuit on November 22, 2022. The Parties shall file their Joint Motion for Approval of the Settlement and Dismissal with Prejudice on or before December 16, 2022.

3.     **RELEASE OF CLAIMS** - Plaintiff and his respective heirs, assigns, and agents release, waive, and forever discharge Defendant and the Released Parties, as defined below, from each and every waivable claim, action, or right of any sort arising out of his employment with Defendant, including but not limited to the claims asserted in the Lawsuit, known or unknown, arising on or before the date that that Plaintiff signs this Agreement.

(a)     The foregoing release includes, but is not limited to, any claim of discrimination on the basis of race, disability, age, sex, pregnancy, religion, marital status, sexual orientation, national origin, age, veteran status, special disabled veteran status, or citizenship status, retaliation, or any other category protected by law; any claim

based on a statutory prohibition or requirement, including but not limited to the federal or state family and medical leave acts; any claim arising out of or related to an express or implied employment contract, any other contract affecting terms and conditions of employment, any claim for unpaid compensation or benefits of any kind, including but not limited to a claim for minimum wages, overtime compensation, incentive or commission compensation, or a covenant of good faith and fair dealing; any tort claims arising out of his employment with Defendant, including but not limited to claims for defamation, invasion of privacy, and/or infliction of emotional distress arising out of his employment with Defendant; and any claims to attorney's fees or expenses, which Plaintiff's attorney(s) hereby also waive other than those set forth in Section 1(a) above. Examples of claims released under this Paragraph include, but are not limited to, claims arising under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Equal Pay Act, the FLSA, the federal Family and Medical Leave Act, Wisconsin Wage and Hour Law, and Wisconsin fair employment and family and medical leave laws; wage claims based on applicable Wisconsin statutes, regulations, or common law; and any other federal, state or local laws regulating the employment relationship.

(b)     Released Parties are defined as Defendant, and any of its past or present owners, parents, affiliates, subsidiaries, related companies, partnerships or joint ventures, and, with respect to each of the foregoing, their predecessors and successors, and with respect to each such entity, all of its past, present, and future subsidiaries, employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs), and any other person acting by, through, under, or in concert with any of the persons or entities listed in this paragraph, and their successors.

(c)     Defendant acknowledges and Plaintiff further understands that nothing in this Agreement prevents Plaintiff from participating in an investigation or proceeding of a governmental agency, but that Plaintiff is waiving any and all rights to monetary, injunctive, or other personal relief that may result from that process as a result of entering into this Agreement.

(d)     Nothing in this Agreement releases any worker's compensation claims which Plaintiff may have, a claim for breach of this Agreement, or any claims arising after the date Plaintiff signed this Agreement. Nothing in this Agreement releases claims of other employees of Defendant that are not defined as Plaintiff in this Agreement.

4.     **NON-ADMISSION OF LIABILITY** Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Nothing in this Agreement shall be offered by Plaintiff or by his respective attorneys or construed as an admission of liability, wrongdoing, impropriety, responsibility, or fault whatsoever against Defendant or its employees and agents, who expressly deny any liability, wrongdoing, impropriety, responsibility, or fault whatsoever.

- 3 -

5.  **NON-DISCLOSURE** – The Parties acknowledge that settlement of claims brought pursuant to the FLSA requires approval by the Court. *See, Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). Other than the filing of this Agreement with the Court in the Lawsuit, the Parties and their respective attorneys and representatives agree to keep confidential and not disclose information concerning the terms of this Agreement, and/or the sums paid as consideration to any person, entity, or organization; except, Plaintiff may divulge the contents of the Agreement only to his counsel, tax preparers, legal spouses, and government officials in their official capacity, and Defendant may divulge the contents of the Agreement to its counsel, tax preparers, government officials in their official capacity, and those with a business need to know, provided that the Parties instruct the authorized person(s) to whom disclosure is made to comply with the confidentiality provisions of this paragraph and that such individuals shall be bound by the confidentiality and non-disclosure provisions set forth herein. The Parties and their respective attorneys agree that, except as required by law, including lawful subpoena or discovery requests, or as specified herein, the Parties shall not affirmatively or otherwise seek or make public disclosure of this Agreement or its contents, including but not limited to a statement, written or oral, to any person, newspaper, magazine, radio or television station; present or former employees; lessees, renters, or independent contractors of Defendant; any internet site, blog, or other posting. If asked, the Parties can state that all issues between them have been resolved and that such information is on file with the Court, or substantially similar language.

6.  **BREACH** – Nothing in this Agreement shall limit or waive the Parties' ability to pursue a cause of action arising out of a breach of this Agreement. The Parties agree that the prevailing party in any such claim for breach arising out of this Agreement shall be entitled to all attorney's fees and costs incurred in pursuing such breach claims to be paid by the non-prevailing party.

7.  **NON-DISPARAGEMENT** – From November 15, 2022 onward, Plaintiff agrees not to make (or direct or cause any third party to make), directly or indirectly, in writing or orally, any negative or disparaging statements which place Defendant or, to the extent applicable, its officers, members, attorneys, employees, or representatives, in a negative light to any third party. This paragraph does not prohibit Employee from making negative remarks in testifying in a deposition, hearing, trial, or other legal proceeding as required by law, pursuant to a lawfully-executed subpoena, where Employee in good faith believes those remarks are truthful.

8.  **NEUTRAL REFERENCE** – In the event a prospective employer of Plaintiff contacts Defendant, Defendant agrees to provide a neutral reference by stating solely Plaintiff's dates of employment and the position held by Defendant at the time of his separation of employment.

9.  **FUTURE EMPLOYMENT** - Plaintiff agrees not to seek or accept employment with Defendant from November 15, 2022 onward. The Parties agree that, should Plaintiff apply for or seek employment with Defendant in the future, this Agreement shall serve as a legitimate, non-discriminatory, and non-retaliatory basis for Defendant to not hire or employ Plaintiff but that Plaintiff's actions in applying for or seeking future employment with Defendant shall not constitute a breach of this Agreement.

- 4 -

10. **JOINT PRODUCT** - Defendant and Plaintiff acknowledge that this Agreement is a joint product and shall not be construed against either party on the grounds of sole authorship.

11. **ENTIRE AGREEMENT** - This Agreement sets forth the entire agreement and understanding between the Parties hereto. The Parties have not relied on any oral statements that are not included in this Agreement. This Agreement supersedes all prior agreements and understandings concerning the subject matter of this Agreement, except for any agreements containing limitations on Plaintiff's ability to compete or solicit or disclose or use confidential information previously signed by Plaintiff. Any modifications to this Agreement must be in writing and signed by Plaintiff and an authorized employee or agent of Defendant.

12. **APPLICABLE LAW** – To the extent this Agreement applies to claims arising under federal law, this Agreement shall, in all respects, be interpreted, enforced, and governed by federal law. To the extent this Agreement applies to claims arising under state law including any claim for breach of this Agreement, this Agreement shall, in all respects, be interpreted, enforced, and governed by the laws of the State of Wisconsin.

13. **COUNTERPARTS -** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. Electronic signatures shall constitute valid signatures.

14. **COPIES** – A facsimile or electronic copy of a signed version of this Agreement shall have the same force and effect as an original.

15. **ACKNOWLEDGEMENT - PLAINTIFF HAS READ AND FULLY CONSIDERED THIS AGREEMENT AND THE RELEASE LANGUAGE CONTAINED WITHIN THIS AGREEMENT AND DESIRES TO VOLUNTARILY ENTER INTO THIS AGREEMENT. PLAINTIFF HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY OF HIS OWN CHOOSING PRIOR TO HIS EXECUTION OF THIS AGREEMENT AND RELEASE. PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO VOLUNTARILY AND FREELY WAIVE, SETTLE, AND RELEASE ALL CLAIMS, WHETHER KNOWN OR UNKNOWN, AGAINST DEFENDANT.**

**WHEREFORE**, having fully read and understood this Agreement, the Parties sign their names below with the intention that they shall be legally bound by it.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]

**TIMBER CREEK RESOURCE, LLC:**

**By:** _____
Signature

_____President_____
Title

_____12/12/2022_____
Date


**JOEL ESTEVEZ:**

_____
Signature

_____
Date

**TIMBER CREEK RESOURCE, LLC:**

**By:**_____
Signature

_____

Title

_____

Date


**JOEL ESTEVEZ:**

_____
Signature

_12_ - _14_ - _22_
Date